IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARSHALL JAKE KOLB,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MAYES EMERGENCY SERVICES TRUST AUTHORITY; BOARD OF COUNTY COMMISSIONERS OF MAYES COUNTY; and JOHN DOES 1-10, presently unknown employees, supervisors, or policymakers at MESTA;<br><br>　　　　　Defendants. | Case No. 21-CV-209-JFH-CDL |

## OPINION AND ORDER

Before the Court is a motion to remand and brief in support ("Motion") filed by Plaintiff Marshall Jake Kolb ("Kolb"). Dkt. No. 9. He requests the Court remand the case to Mayes County District Court, where it began. *Id.* Defendants Mayes Emergency Services Trust Authority ("MESTA") and Board of County Commissioners of Mayes County ("Board") oppose the Motion. Dkt. No. 14; Dkt. No. 23. For the reasons stated, the Motion is GRANTED.

## BACKGROUND

Kolb initially filed suit in Oklahoma state court on November 12, 2020. Dkt. No. 2-2 at 1. He alleged a 42 U.S.C. § 1983 claim against MESTA and the John Doe Defendants and a tort claim against the John Doe Defendants. *Id.* at 4-7. He did not serve the Defendants with the original petition. Instead, he filed an amended petition in Mayes County on April 8, 2021 and had summonses issued. Dkt. No. 2-1; Dkt. No. 2-3. The amended petition alleged the same two claims as the original petition and added a negligence claim against MESTA and the Board. Dkt. No. 2-3.

MESTA and the Board filed appearances and motions to dismiss in state court on Monday, May 10, 2021. Dkt. No. 2-1; Dkt. No. 2-5; Dkt. No. 2-6. MESTA requested a hearing on its motion to dismiss by submitting an order for hearing to the state court. The state court granted MESTA's request on Tuesday, May 11, 2021 and set a hearing on MESTA's motion to dismiss for June 23, 2021. Dkt. No. 2-7. MESTA removed the case three (3) days later, on Friday, May 14, 2021. Dkt. No. 2. Within a week, Kolb filed the Motion, arguing that MESTA and the Board waived their right to remove this case by their pre-removal conduct. Dkt. No. 9.

## AUTHORITY AND ANALYSIS

MESTA removed the case to federal court on the basis of federal question jurisdiction because of Kolb's § 1983 claim.[1] Kolb seeks remand pursuant to 28 U.S.C. § 1447(c), which allows remand motions "on the basis of any defect" within thirty (30) days of removal.[2] Kolb's claimed defect is that MESTA and the Board waived their right to remove by filing motions to dismiss—and MESTA by requesting a hearing on its motion—in state court before removing the case.

Two exacting standards collide here. Removal statutes are construed strictly and any doubts about the correctness of removal must be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v.*

---

[1] All properly joined and served defendants must join in or consent to removal. 28 U.S.C. § 1446(b)(2)(A). MESTA stated in its notice of removal that the Board "does not object to the removal of this action to this Court." Dkt. No. 2 at ¶ 2. Other courts in this District have considered this sufficient to meet § 1446's requirements. *See McLaughlin v. Ford Motor Co.*, --- F. Supp. 3d ---, 2022 WL 1571311 (N.D. Okla. May 18, 2022) (Frizzell, J.); *Moses v. Forkeotes*, 2016 WL 4449654 (N.D. Okla. Aug. 24, 2018) (Eagan, J.). Kolb does not challenge this in the Motion, so the Court assumes without deciding that the Board's non-objection was sufficient to meet § 1446's consent requirement.

[2] The timeliness of Kolb's Motion is not disputed.

2

*Sheets*, 313 U.S. 100, 108-09 (1941)).  However, waiver of the right to removal must be clear and unequivocal and is not to be found in the absence of some substantial action by a defendant.  *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1098 (10th Cir. 2017).

"Generally, a defendant waives removal 'by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court.'"  *Id.* (quoting *PR Grp., LLC v. Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026-27 (8th Cir. 2015)).  Waiver is assessed on an objective standard of whether the defendant "submitted the case's merits to the state court for adjudication."  *Id.*  "[B]ecause the waiver rules aim to prevent defendants from *seeking* an adjudication on the merits . . . a state defendant can waive removal even before the state court *actually* adjudicates the merits."  *Id.* at 1098-99 (emphasis in original, quotations omitted).

The Tenth Circuit has adopted a bright-line rule with a fuzzy exception for waiver of removal.  If a defendant "files a motion to dismiss seeking disposition, in whole or in part, on the merits in state court before removing the case to federal court, it manifests a clear and unequivocal intent to submit the case to the state court's jurisdiction, and thus waives removal."  *Soto*, 864 F.3d at 1099.  However, the Tenth Circuit "will not find waiver of the right to remove when a state's procedural rules compel a defendant's state-court participation."  *Id.*  The Tenth Circuit's example of compelled participation was an Eleventh Circuit case where defendants had thirty (30) days to remove the suit to federal court but only twenty (20) days to file a motion to dismiss in state court. *Id.* (citing *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004)).  This presented a "quandary" for state defendants, because upon remand, a defendant could "lose its opportunity to file a motion to dismiss because it failed to comply" with state

3

procedure. *Id.* The Eleventh Circuit held that a defendant's action of filing a motion to dismiss in state court to mitigate this quandary was not waiver of removal. *Id.*

The Tenth Circuit's discussion of *Yusefzadeh* is dicta, as the *Soto* parties were not subject to a similar quandary under New Mexico state law. So far, at least two district courts in the Tenth Circuit have considered the *Soto* compelled-participation exception under their states' rules. Both Utah and Colorado state law require responsive filings within twenty-one (21) days contrasted to removal's thirty (30) day timeline, and both the District of Utah and the District of Colorado held this presented a *Yusefzadeh*-esque quandary. *Simpson v. P.F. Chang's China Bistro, Inc.*, 2021 WL 1827237, at *2-3 (D. Colo. May 7, 2021); *Delaluz v. Mgmt. & Training Corp.*, 2017 WL 3498692, at *3-4 (D. Utah Aug. 15, 2017). No Oklahoma federal district court has addressed the exception, however, so this case presents an issue of first impression for the Court.

In an Oklahoma state court lawsuit, a defendant must serve a responsive pleading such as an answer or a motion to dismiss within twenty (20) days of receiving service. 12 O.S. § 2012(A). This is analogous to the timeline in *Yusefzadeh* and suggests *Soto*'s compelled-participation exception would apply for defendants who file a pre-removal motion to dismiss in Oklahoma state court. However, MESTA did more than just file a motion.

Several courts have distinguished between filing a state motion to dismiss and requesting the state court set that motion for hearing. Most pertinently, the *Yusefzadeh* defendant "did not schedule a hearing on his motions to dismiss prior to seeking removal and the state court had not ruled on his motions to dismiss prior to his removing the case." 365 F.3d at 1247. The district court in *Soto* noted that "courts have split over whether the mere filing of a motion to dismiss (unaccompanied by the scheduling of a hearing or some other action) constitutes a waiver." *City of Albuquerque v. Soto Enters., Inc.*, 2016 WL 9408547, at *2 (D.N.M. Apr. 11, 2016). Kolb

4

encourages the Court to adopt this distinction, arguing that even if the *Soto* exception means that filing of dismissal motions on their own did not waive removal, MESTA's hearing request evinced a clear intent to invoke the state court's jurisdiction. Dkt. No. 9 at 7.

Oklahoma's civil procedure code does not establish a particular timeframe to request a motion hearing. 12 O.S. § 2012(A) at (c). Instead, it leaves the timing to litigants' prerogative: motions "shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial." *Id.* Similarly, the Rules for District Courts of Oklahoma do not require a movant to request a hearing at the time of filing a motion. *See* Okla. Dist. Ct. R. 4(b)-(c). Indeed, the Rules empower Oklahoma district courts to decide motions without hearings. *Id.* at (h).

For the *Soto* compelled-participation exception to apply, courts "don't examine whether procedural rules *allowed* the participation, [but instead] examine whether the procedural rules *compelled* the participation." 864 F.3d at 1100 (emphasis in original). Oklahoma rules do not compel a contemporaneous or near-contemporaneous request for hearing when filing a motion. Since motion hearings can be set any time before trial under Oklahoma court rules, a defendant would not face potential harm or lost opportunity by waiting to request a hearing. *See Soto*, 864 F.3d at 1099 ("For [the compelled-participation] exception to apply, we look for potential harm to defendants. For instance, upon remand, would a defendant lose its opportunity to file a motion to dismiss because it failed to comply with a state's procedural rule?"). Instead, a hearing request is a clear indication that the requesting party wants to argue its position to the state court.[3]

---

[3] MESTA and the Board bring unconvincing arguments related to the defunct state hearing. MESTA argues the hearing's cancelation meant that "no substantial exercise of state court jurisdiction was employed prior to removal." Dkt. No. 14 at 5-6. The Board argues that "[i]t cannot reasonably be said that any substantial state judicial resources were devoted to this matter in any material sense." Dkt. No. 23 at 2. Both arguments are contrary to *Soto*'s clear rule that "the

The Tenth Circuit "favor[s] a bright-line rule to avoid piecemeal litigation that would distinguish cases based on the length of delay between motions to dismiss and motions to remove and based on any number of like considerations." 864 F.3d at 1099. The compelled-participation exception is a narrow carve-out to this rule. Since all doubts about the correctness of removal must be resolved in favor of remand, a stringent standard is reasonable. The Court therefore holds that requesting a hearing on a motion to dismiss in Oklahoma state court is substantial defensive action indicating a willingness to litigate in state court which waives a defendant's right to remove the action to federal court.

Here, Kolb has established that MESTA requested a hearing on its state motion to dismiss. This affirmatively submitted the case's merits to the state court for adjudication and resulted in waiver of MESTA's removal right. However, Kolb has not established whether the Board requested a hearing on its state motion to dismiss. Because waiver must be clear and unequivocal, the Court cannot conclude on the facts before it that the Board waived its removal right.

Under § 1446, a defendant or multiple defendants may remove a case. 28 U.S.C. § 1446. Other defendants must join in *or* consent to removal. *Id.* Here, the Board consented to removal, but it did not itself remove the case, or even formally join in the removal. Only MESTA removed the case. And MESTA had already waived its removal right by its state court conduct. Waiver by participation is a common-law creation. *Soto*, 864 F.3d at 1093 (citing *Rothner v. City of Chicago*, 879 F.2d 1402, 1408 (7th Cir. 1989)). The Court has not located an analogous situation where a removing defendant clearly and unequivocally waived its removal right but a consenting defendant

---

waiver rules aim to prevent defendants from *seeking* an adjudication on the merits, which means that a state defendant can waive removal even before the state court *actually* adjudicates the merits." *Id.* at 1098-99 (emphasis in original). Requesting a hearing is as much power as a party can exert on a tribunal's schedule and is a clear sign of seeking adjudication on the merits.

6

did not waive *its* removal right. Removal statutes are construed strictly and any doubts about the correctness of removal must be resolved in favor of remand. *Fajen*, 683 F.2d at 333. The Court has serious doubts about the correctness of removal since MESTA waived its removal right and then unilaterally removed the case. Consequently, under the facts before the Court, remand is necessary. However, the Court does not comment or rule on whether MESTA's waiver would have necessitated remand if the Board, not MESTA, had removed (or even formally joined in MESTA's removal of) the case.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Marshall Jake Kolb's motion to remand [Dkt. No. 9] is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to remand this case to the District Court of Mayes County, Oklahoma.

DATED this 24th day of August 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE